**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **CEDRIC GREENE,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:24-cv-202 (MTT)** |
| ) | |
| **TENNESSEE BOARD OF JUDICIAL** ) | |
| **CONDUCT** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

Plaintiff Cedric Greene filed this pro se lawsuit and contemporaneously moved for leave to proceed *in forma pauperis* ("IFP").  Docs. 1; 2.  Along with granting Greene IFP status, the Court was required to screen his complaint pursuant to 28 U.S.C. § 1915(e).  After screening Greene's complaint against the Tennessee Board of Judicial Conduct, Greene was ordered to show cause no later than January 28, 2025, why his complaint should not be dismissed based on Eleventh Amendment immunity.  Doc. 3. Despite being warned that failure to fully and timely comply with this order may result in the dismissal of this action, Greene did not respond.  *Id.*; *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch*. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[1]

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

On January 30, 2025, Greene was ordered to show cause no later than February 13, 2025, why this case should not be dismissed for failure to comply.  Doc. 4.  Greene was again warned that failure to fully and timely comply with this order may result in the dismissal of this action.  *Id.*  He did not respond.  Accordingly, this action is hereby **DISMISSED** without prejudice.[2]

SO ORDERED, this 24th day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "'especially where the litigant has been forewarned.'"  *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 655 (11th Cir. 2009) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).   Greene filed this action alleging violations of his constitutional rights under the Fourteenth Amendment arising from an incident that occurred on February 8, 2017.  Doc. 1.  Thus, the statute of limitations may preclude Greene from refiling some of his claims.  *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838 (6th Cir. 2015) (Tennessee's one-year personal injury statute of limitations applied to claim under 42 U.S.C. § 1983); *see Mickles v. Country Club Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018).  However, the Court finds both a clear record of delay or willful conduct and that lesser sanctions would be inadequate.  *See Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102-03 (11th Cir. 1989); *Hubbard v. Best In Town Inc.*, 2023 WL 8269979, at *2 (11th Cir. Nov. 30, 2023) (citing *Mickles*, 887 F.3d at 1280).